<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 23-4032

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────────┐
│            FILED                 │
│         Jul 1, 2024              │
│  KELLY L. STEPHENS, Clerk        │
└─────────────────────────────────┘
```

| | |
|---|---|
| WILFRED LOUIS ANDERSON, )<br><br>    Plaintiff-Appellant, )<br><br>v. )<br><br>JUDGE PETER J. CORRIGAN, )<br><br>    Defendant-Appellee. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

<u>O R D E R</u>

Before:  GILMAN, WHITE, and THAPAR, Circuit Judges.

Wilfred Louis Anderson, a pro se Ohio plaintiff, appeals the district court's judgment sua sponte dismissing his 42 U.S.C. § 1983 complaint.  Anderson moves this court for oral argument, to stay the district court's judgment, and for leave to file motions and supplements to vacate the district court's vexatious-litigator order and erroneous application of res judicata.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not necessary.  *See* Fed. R. App. P. 34(a).  For the reasons that follow, we affirm the district court's judgment and deny all pending motions as moot.

In 2011, Anderson, proceeding pro se, sued Luann Mitchell in the Cuyahoga County Court of Common Pleas to recover the cremated remains of Angela Johnson.  That court ultimately ruled in Mitchell's favor.  *See State v. Mitchell*, No. 104314, 2017 WL 120921 (Ohio Ct. App. Jan. 12, 2017); *Anderson v. Mitchell*, No. 99876, 2014 WL 1327763 (Ohio Ct. App. Mar. 20, 2014).

In 2014, Anderson filed two more pro se complaints against Mitchell in state court.  In the first case, *Anderson v. Cuyahoga Metropolitan Housing Authority*, No. CV 2014-820828 (Cuyahoga Cnty. Ct. Com. Pl. Jan. 27, 2014), Anderson claimed that Mitchell and the Housing

Authority conspired to accuse him of practicing medicine without a license. Mitchell filed a counterclaim to have Anderson declared a vexatious litigator. *See Mitchell*, 2017 WL 120921, at \*1. That case was assigned to Judge Peter J. Corrigan, the defendant in this case. The other lawsuit, *Anderson v. Mitchell*, No. CV 2014-820186 (Cuyahoga Cnty. Ct. Com. Pl. 2014), apparently also concerned Johnson's remains. That case was assigned to Judge Daniel Gaul.

Judge Corrigan stayed Anderson's claims against Mitchell because Mitchell had filed for bankruptcy, but he allowed Mitchell's vexatious-litigator counterclaim against Anderson to proceed, and he scheduled a hearing. Judge Gaul then persuaded Anderson and Mitchell to accept a global settlement in which they agreed to dismiss all of their pending litigation against each other. Believing that this settlement resolved Mitchell's vexatious-litigator claim, Anderson did not appear at the hearing in Judge Corrigan's court. Judge Corrigan nevertheless granted summary judgment to Mitchell on her counterclaim, declared Anderson a vexatious litigator, and imposed filing restrictions on Anderson. *See In re Contempt of Anderson*, 80 N.E.3d 1208, 1210 (Ohio Ct. App. 2017). The Ohio Court of Appeals dismissed Anderson's appeal. *See Anderson v. Cleveland Metro. Housing Auth.*, No. 103327 (Ohio Ct. App. Aug. 12, 2015).

As recounted by the district court, Anderson has filed a dozen federal lawsuits seeking to overturn the 2014 state judgment declaring him a vexatious litigator. In 2019, the district court revoked Anderson's right to proceed in forma pauperis in future cases to sanction him for persisting in filing frivolous lawsuits collaterally attacking this judgment. *See Anderson v. Gallagher*, No. 1:19-cv-1072 (N.D. Ohio Aug. 29, 2019); *Anderson v. Gaul*, No. 1:19-cv-1012 (N.D. Ohio Aug. 8, 2019).

In this case, Anderson paid the district court filing fee and filed a § 1983 complaint against Judge Corrigan, claiming that various due-process violations occurred in the state-court proceedings. Anderson sought a declaration voiding the vexatious-litigator judgment and an injunction compelling Judge Corrigan to dismiss Mitchell's counterclaim. The district court sua sponte dismissed the complaint under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per

curiam). The court pointed out that it had repeatedly advised Anderson that the *Rooker-Feldman*[1] doctrine barred his efforts to overturn the state court's judgment. The court thus concluded that Anderson's claims in this case were "frivolous, devoid of merit, [and] no longer open to discussion." *Apple*, 183 F.3d at 479. Accordingly, the court sua sponte dismissed Anderson's complaint and imposed additional filing restrictions on Anderson. Anderson's appeal followed.

We review a district court's *Rooker-Feldman* determination de novo. *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 387 (6th Cir. 2021). Under the *Rooker-Feldman* doctrine, district courts may not consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine exists because only the Supreme Court may exercise appellate authority to review final state-court judgments. *Id.* at 285; *see* 28 U.S.C. § 1257; *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). *Rooker-Feldman* bars a claim when the "source of the plaintiff's injury is the state-court judgment itself." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).

In this case, the state-court judgment is the source of Anderson's alleged injury because he asked for a declaration that the judgment is void and for an injunction compelling Judge Corrigan to dismiss Mitchell's counterclaim. *See Hancock v. Miller*, 852 F. App'x 914, 922 (6th Cir. 2021). Accordingly, the district court did not err in sua sponte applying *Rooker-Feldman* because subject-matter jurisdiction over Anderson's complaint was clearly lacking. *See Belock v. Burt*, 19 F. App'x 323, 324 (6th Cir. 2001) (per curiam) (upholding district court's dismissal sua sponte under *Rooker-Feldman*).

Because *Rooker-Feldman* bars Anderson's complaint, we need not address his argument that his suit against Judge Corrigan was permissible under *Pulliam v. Allen*, 466 U.S. 522 (1984). *See Hancock*, 852 F. App'x at 922.

---

[1] *See D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

No. 23-4032
- 4 -

Anderson also moves for leave to file motions and related supplements to vacate the district court's vexatious-litigator order and its allegedly erroneous application of res judicata. Because of Anderson's lengthy history of filing frivolous lawsuits collaterally attacking the state-court judgment, the district court declared Anderson a vexatious litigator and enjoined him from filing any future lawsuit without seeking leave of court. Additionally, the court ordered Anderson to certify under penalty of perjury that any tendered lawsuit involves a nonfrivolous new issue and is brought in good faith. Lastly, Anderson must list any prior complaint he has previously filed against a defendant in the tendered lawsuit and attach a copy of the prior complaint. The court ordered its clerk of court not to file any document submitted by Anderson until he obtains leave of court and cautioned him that failure to comply with these restrictions could result in finding that he is in contempt of court.

"There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). And for a decade, Anderson has filed one frivolous and vexatious lawsuit after another in a futile attempt to overturn the 2014 state-court judgment. Consequently, the district court did not abuse its discretion in declaring Anderson a vexatious litigator and subjecting him to prefiling restrictions. *See id.* And Anderson's filing restrictions still give him access to the courts, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), while at the same time permitting the district court to efficiently screen out future repetitive complaints, *see Feathers*, 141 F.3d at 269-70. Accordingly, we affirm the district court's vexatious-litigator order.

For these reasons, we **AFFIRM** the district court's judgment and **DENY** all other pending motions.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk